IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03108-BNB

JOHN HUTCHINSON,

    Plaintiff,

v.

SGT. HOULE, At Buena Vista Minimum Center,
JOHN DAVIS, Warden of Buena Vista Corrections Center, and
TOM CLEMENTS, Director of Department of Corrections,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff John Hutchinson is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Correctional Complex in Buena Vista, Colorado. Mr. Hutchinson, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated. He asks for money damages.

    The Court must construe the Complaint liberally because Mr. Hutchinson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hutchinson will be ordered to file an Amended Complaint and assert how each properly named party violated his constitutional rights.

Although Mr. Hutchinson has indicated personal participation by Defendant Houle in the constitutional violations set forth in the Complaint, he fails to state any personal participation by remaining Defendants.  To establish personal participation, Mr. Hutchinson must show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that they cause.  *See Dodds v. Richardson, et al.* ,614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

Mr. Hutchinson also is instructed that to state a claim in federal court, he must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Mr. Hutchinson file within thirty days from the date of this Order an Amended Complaint that is in keeping with the above directives.  It is

FURTHER ORDERED that Mr. Hutchinson shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Hutchinson fails within the time allowed to file

an Amended Complaint that complies with this Order, to the Court's satisfaction, the Court will proceed with a review of the merits of only the claims asserted against Defendant Houle.  It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED January 18, 2012, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge