IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-03108-WJM-MEH

JOHN HUTCHINSON,

      Plaintiff,

v.

SGT. HOULE, at Buena Vista Minimum Center,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Defendant's Motion to Dismiss for Failure to Comply with Local Rules

and Court Orders Regarding the Filing Fee [filed November 13, 2012; docket #48].  In accordance

with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for

recommendation [docket #50].   Based on the record contained herein, the Court respectfully

RECOMMENDS that Defendant's motion be **granted in part and denied in part**[1] and this case

**dismissed without prejudice**.[2]

---

[1] Although not specified, the Court assumes from the content of the motion that Defendant seeks dismissal of this case with prejudice.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after

## BACKGROUND

Plaintiff initiated this action *pro se* on November 29, 2011.  (Docket #1.)  The action proceeded through initial review and was drawn to a district judge on February 27, 2012.  (Docket #8).  Pursuant to a waiver of service, Defendant's answer or other response to the Complaint was due on or before April 30, 2012.  (Docket #12.)  In response to the Complaint, Defendant filed a Motion to Dismiss on April 17, 2012.  (Docket #19.)  The following day, this Court ordered the Plaintiff to file a response to the motion on or before May 11, 2012.  When no response was filed, the Court issued an order to show cause why the case should not be dismissed.  Plaintiff filed a motion for extension of time, which the Court construed as a response to the order to show cause and granted.

With his response, Plaintiff filed an Amended Complaint on June 13, 2012, which rendered the original motion to dismiss moot.  Defendant filed a motion to dismiss the Amended Complaint, and this Court ordered the Plaintiff to respond to the motion on or before July 23, 2012.  Plaintiff failed to comply with the order, and on September 4, 2012, this Court issued a recommendation to grant in part and deny in part the motion to dismiss.   No objections were filed to the recommendation; in fact, a copy of the recommendation addressed to the Plaintiff was returned as undeliverable.  Judge Martinez allowed an extension of time to file objections; however, the order was returned as undeliverable and the Plaintiff filed no objection.  On October 31, 2012, Judge Martinez adopted this Court's recommendation on the motion to dismiss.

---

being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Consequently, Defendant's answer on the remaining claims was due to be filed on or before November 14, 2012; however, Defendant filed the present motion to dismiss Plaintiff's claims for his alleged failure to comply with local rules and court orders.  Again, this Court ordered the Plaintiff to file a response to the motion on or before December 7, 2012.  The Court's order was returned as undeliverable.  To date, Plaintiff has not filed a response nor has he requested an extension of time in which to do so.

Defendant contends in his motion that Plaintiff was released from incarceration on August 7, 2012 and "has been serving his parole in Texas since September 18, 2012."  However, Defendant apparently has no knowledge of Plaintiff's exact location because Defendant repeats "[h]e has been somewhere in Texas since September 18, 2012."  Defendant argues that Plaintiff's failure to provide Defendant and the Court with a change of address violates D.C. Colo. LCivR 10.1M.  Defendant also asserts that Plaintiff's alleged failure to make payments toward his filing fee since January 2012 violates 28 U.S.C. § 1915.  As set forth herein, Plaintiff has not responded to the motion.

## DISCUSSION

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence.  By order of this Court, Plaintiff's response to the present Motion to Dismiss in this matter was due to be filed on or before December 7, 2012.  As noted previously, no response was filed by the Plaintiff.  Additionally, there has been no request for an extension of time in which to file a response.  Furthermore, the Plaintiff has failed to provide the Court with a change of address since his release from incarceration, and, according to the docket, has failed to make payments toward his filing fee since January 17, 2012.  Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to

3

comply with the same orders and rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Here, the record reflects not only that Plaintiff has failed to provide the Court with a current address since his release from incarceration on August 7, 2012, but also to "make payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month ... why he has no assets and no means by which to make the monthly payment." Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915, docket #5 at 2. In order to show cause, Plaintiff was directed to file a certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action. *Id.*

The record reflects that Plaintiff has failed to make the required monthly payment or to show sufficient cause why he has no assets and no means by which to make the monthly payments since January 17, 2012.

4

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002).  However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria.  *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009).  The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Considering the first factor, the Court finds that Plaintiff's lack of cooperation and diligence in this case has caused the Defendant prejudice because although discovery was scheduled, it appears that it never occurred in this case, and Defendant has been deprived of information and documents necessary to defend against Plaintiff's claims.  Moreover, Plaintiff's lack of response to this Court's orders and his failure to participate has interfered with the judicial process in that the Court has been prompted to grant extensions of time and required to issue orders to show cause. Particularly, the necessity in issuing an Order to Show Cause increases the workload of the Court and interferes with the administration of justice.

Furthermore, the Plaintiff has provided neither the Court nor Defendant any means by which to contact him and no justification for his failures to respond to Court orders and to participate in the litigation; his culpability is evident.  Plaintiff has been warned previously in this case through the Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915 and this Court's May 17, 2012 Order to Show Cause that the Court would recommend dismissal for his failure to prosecute; yet, he has made no response nor participated in the litigation since he filed his Amended Complaint on June 13, 2012.  Finally, it appears the Plaintiff has essentially abandoned this litigation; thus, no monetary sanction would be practical.  Rather, the Court finds that the sanction of dismissal without prejudice would be appropriate here; there is no indication the Plaintiff has willfully or in bad faith violated court orders or rules.

## CONCLUSION

The Court concludes the Plaintiff appears to have abandoned his claims in this matter.  He has failed to prosecute the case with due diligence by his failure to comply with D.C. Colo. LCivR 10.1M requiring the Plaintiff to provide the Court with his current address and failure to comply with the Court's order to make payments toward the filing fee pursuant to 28 U.S.C. § 1915.  Further, Plaintiff has failed to comply with the Court's order to respond to the Defendant's present Motion to Dismiss or to properly request an extension of time to respond if he was unable to do so in a timely manner.  For these reasons alone, dismissal of this action against the Defendant is warranted.

Based on the foregoing and the entire record herein, I respectfully RECOMMEND that the District Court **GRANT IN PART AND DENY IN PART** Defendant's Motion to Dismiss for Failure to Comply with Local Rules and Court Orders Regarding the Filing Fee [filed November 13,

2012; docket #48] and dismiss this case without prejudice for Plaintiff's failure to prosecute this action.

Dated this 13th day of December, 2012, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge