IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-03108-WJM-MEH

JOHN HUTCHINSON,

      Plaintiff,

v.

SGT. HOULE, at Buena Vista Minimum Center,

      Defendant.

---

## ORDER GRANTING MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Motion to Stay or, Alternatively, Motion for Extension of Time [filed December 31, 2012; docket #58].  The motion is referred to this Court for disposition. (Docket #59.)  For the following reasons, the Court **GRANTS** the motion.

**I.       Background**

    Plaintiff initiated this action *pro se* on November 29, 2011.  (Docket #1.)  The action proceeded through initial review and was drawn to a district judge on February 27, 2012.  (Docket #8).  Pursuant to a waiver of service, Defendant's answer or other response to the Complaint was due on or before April 30, 2012.  (Docket #12.)  In response to the Complaint, Defendant filed a Motion to Dismiss on April 17, 2012.  (Docket #19.)  The following day, this Court ordered the Plaintiff to file a response to the motion on or before May 11, 2012.  When no response was filed, the Court issued an order to show cause why the case should not be dismissed.  (Docket #24.) Plaintiff filed a motion for extension of time, which the Court construed as a response to the order to show cause and granted. (Dockets #26 and #28.)

With his response, Plaintiff filed an Amended Complaint on June 13, 2012, which rendered the original motion to dismiss moot.  Defendant filed a motion to dismiss the Amended Complaint, and this Court ordered the Plaintiff to respond to the motion on or before July 23, 2012.  (Dockets #34 and #36.)  Plaintiff failed to comply with the order, and on September 4, 2012, this Court issued a recommendation to grant in part and deny in part the motion to dismiss.  (Docket #37.)  No objections were filed to the recommendation; in fact, a copy of the recommendation addressed to the Plaintiff was returned as undeliverable.  Judge Martinez allowed an extension of time to file objections; however, the order was returned as undeliverable and the Plaintiff filed no objection.  On October 31, 2012, Judge Martinez adopted this Court's recommendation on the motion to dismiss.  (Docket #46.)

Consequently, Defendant's answer on the remaining claims was due to be filed on or before November 14, 2012; however, Defendant filed a motion to dismiss Plaintiff's claims for his alleged failure to comply with local rules and court orders.  (Docket #48.)  Again, this Court ordered the Plaintiff to file a response to the motion on or before December 7, 2012.  (Docket #52.)  The Court's order was returned as undeliverable and the Plaintiff filed no response nor requested an extension of time in which to do so.  The Court issued a recommendation to grant the Defendant's motion on December 13, 2012; a copy of the recommendation mailed to the Plaintiff was returned as undeliverable on December 21, 2012.

In the present motion, Defendant seeks an order staying the proceedings pending resolution of his motion to dismiss or, alternatively, an extension of the deadline for filing dispositive motions, currently December 31, 2012.  For the following reasons, the Court finds that a temporary stay of the proceedings pending resolution of the motion to dismiss is warranted.

## II.      Discussion

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  A stay of all discovery is generally disfavored in this district. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).  However, as this Court stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

A balance of these factors favors a temporary stay in this case.  First, the Plaintiff has essentially abandoned his claims; he has filed nothing in this case since June 13, 2012, and the Defendant has informed the Court that Plaintiff was released from incarceration on August 7, 2012 and "has been serving his parole in Texas since September 18, 2012."   Second, the burden on

3

Defendants to prepare and draft a dispositive motion and a proposed pretrial order for a case in which the Plaintiff has abandoned his claims is clearly onerous.

Third, while the Court typically discourages stays of proceedings, the Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).

The Court finds that the fourth and fifth factors, to the extent they may be considered in this case, weigh neither for nor against a stay of proceedings.

Therefore, as the weight of the *Ehrenhaus* factors tip in favor of a stay and as the pending motion to dismiss will likely resolve this matter in its entirety, the Court finds good cause exists to impose a temporary stay until the District Court rules on the Defendant's pending Motion to Dismiss. The deadline for filing dispositive motions in this case is stayed and the Final Pretrial Conference currently scheduled for February 28, 2013 will be vacated.

In light of this order, the Court need not consider Defendant's alternate request to extend the dispositive motions deadline.

## III.    Conclusion

Accordingly, for the reasons stated above, the Court **GRANTS** the Defendant's Motion to

Stay Proceedings [filed December 31, 2012; docket #58].  This matter is hereby **STAYED** pending further order of the Court.  The parties shall file a status report with the Court indicating what, if any, changes to the Scheduling Order are needed, within *five business days* of a ruling on Defendants' pending Motion to Dismiss.

In light of this order, the Clerk of the Court is directed to **vacate** the Final Pretrial Conference currently scheduled for February 28, 2013.

Dated at Denver, Colorado, this 3rd day of January, 2013.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge